**Ammon M. SPRAU, Plaintiff—Appellant,**

**v.**

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

**No. 06–17318.**

United States Court of Appeals, Ninth Circuit.

Submitted July 31, 2007.**

Filed March 5, 2008.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

642

Ammon M. Sprau, Peoria, AZ, pro se.

Jean M. Turk, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant—Appellee.

Before: SKOPIL, FERGUSON, and LEAVY, Circuit Judges.

## MEMORANDUM *

Ammon Sprau appeals *pro se* the district court's decision affirming the Commissioner's denial of Sprau's application for disability insurance benefits under Title II of the Social Security Act. We review de novo, *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995), and we affirm.

## DISCUSSION

Sprau raises several issues, but not all were presented to the district court. As a general rule, we will not decide an issue raised for the first time on appeal. *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir.1985). Nonetheless, we may do so when the issue presented is purely one of law and the opposing party would suffer no prejudice. *Taniguchi v. Schultz*, 303 F.3d 950, 959 (9th Cir.2002). We do so here because the Commissioner has availed himself of the opportunity to respond to each of Sprau's arguments and has responded adequately based on evidence already present in the record.

■ Sprau submits he is disabled due to heart disease, back problems, knee problems, high blood pressure and borderline diabetes. He contends the ALJ erred by finding these impairments were not severe enough to meet or equal, either singly or in combination, any of the Listed Impairments. That contention fails because it is contradicted by medical evidence in the record from physicians who treated Sprau during the relevant period.

■ Sprau next argues the ALJ erred in determining his residual functional capacity. He points to an orthopedic surgeon's medical report, but that report was based on an examination after the relevant disability period. Other evidence in the record, including medical reports by Sprau's physicians and testimony from the vocational expert, support the ALJ's conclusion that Sprau has the residual functional capacity to engage in light, unskilled work.

■ Sprau also claims the ALJ improperly rejected his testimony regarding the nature and extent of his disabilities. To reject a claimant's subjective testimony, the ALJ must provide specific, cogent reasons for the disbelief. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). Here, the ALJ found that Sprau's testimony was contradicted by the medical evidence of record. For example, Sprau's physicians

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

consistently reported that Sprau's heart condition returned to normal after his surgery and that Sprau did not continue to suffer from any disabling medical conditions. Because the ALJ provided specific reasons supported by clear and convincing evidence, the ALJ did not err in rejecting Sprau's subjective testimony.

■ Finally, Sprau contends his due process rights were violated because his attorney did not subpoena witnesses or cross-examine the Commissioner's witnesses. Sprau was specifically notified, however, of these rights in his Notice of Hearing and was given a full opportunity to be heard at the hearing. *See Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

**AFFIRMED.**